*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW MIGDALEWICZ,

      Plaintiff-Appellant,

v

PERRY D. HOLLIE,

      Defendant-Appellee,

and

FORD MOTOR COMPANY and THE AMERICAN
ROAD INSURANCE COMPANY,

      Defendants.

UNPUBLISHED
January 28, 2020

No. 343981
Oakland Circuit Court
LC No. 2017-157163-NI

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

JANSEN, J. (*dissenting*).

Because I would have granted plaintiff's motion for judgment not withstanding the verdict (JNOV), I dissent.

As this Court recently recited in *Sherbow P.C. v Fieger & Fieger*, 326 Mich App 684; 930 NW2d 416 (2019),

> This Court "reviews de novo a trial court's decisions regarding motions for JNOV." *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586, 604; 886 NW2d 135 (2016). "JNOV is only appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." *Nashal v Freemont Ins Co*, 324 Mich App 696, 719; 922 NW2d 662 (2018). "If reasonable persons, after reviewing the evidence in the light most favorable to the nonmoving party, could honestly reach different conclusions about whether the nonmoving party established his or her claim [or

-1-

defense], then the question is for the jury." *Id*. (quotation marks and citation omitted). [*Sherbow, PC*, 326 Mich App at 715-716.]

I do not agree with the majority that the facts of this case, when viewed in a light most favorable to the verdict, support a finding of probable cause. The evidence in this case clearly supports a finding that defendant initiated a left-hand turn, and while looking away from oncoming traffic, paused for *up to three seconds* across the center line. In my view, it is certainly foreseeable that oncoming traffic may suffer injury if they were to become similarly distracted while rightfully and legally traveling within their lane.

I find support for this conclusion from our Supreme Court, who stated in *Hickey v Zezulka*, 439 Mich 408; 487 NW2d 106 (1992), that there is a principle found in Michigan negligence law that:

> a defendant will not be liable for injury caused by an intervening force that was not reasonably foreseeable, [but]
>
> > [i]f the likelihood that a third person [or plaintiff] may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby. [2 Restatement Torts, 2d, § 449, p 482.]
>
> * * *
>
> … "[I]f the acts of the plaintiff are within the ambit of the hazards covered by the duty imposed upon the defendant, they are foreseeable and do not supersede the defendant's negligence." *Id*. at § 652, p 609. Thus, where the defendant's negligence consists in enhancing the likelihood that the intervening cause will occur, . . . or consists in a failure to protect the plaintiff against the very risk that occurs, Prosser & Keenton, Torts (5th ed), § 44, p 303, it cannot be said that the intervening cause was not reasonably foreseeable. [*Hickey*, 439 Mich at 437-438.]

Admittedly, the facts of this case are easily distinguishable from the sad facts in *Hickey*. Yet the principle enumerated is still applicable. Here, the risk of harm created by plaintiff's negligence (i.e., looking down at his speedometer) encompasses the type of hazard that occurred here. Despite defendant's negligence, oncoming traffic could easily have been negligent by not looking forward. Thus, in my view, plaintiff's injury was foreseeable.

Additionally, the special jury instruction given by the trial court improperly shifted the burden from defendant to plaintiff. Specifically, the trial court instructed the jury:

> [I]f you find that plaintiff had a clear and unobstructed view of the intersection prior to impact, any presumption of ordinary care is overcome and you may presume that plaintiff saw the car approaching and by the exercise of ordinary care and caution couldn't avoid the accident.

-2-

I agree with plaintiff's characterization, that the special jury instruction created a presumption in defendant's favor that plaintiff *was* negligent.[1] The special jury instruction ignores the fact that defendant, who was driving a motor vehicle, was making a left-hand turn across oncoming traffic and had the greater duty of care. This presumption created by the special jury instruction is inconsistent with Michigan negligence law, and effectively immunized defendant from his own negligence. Indeed, regardless of whether plaintiff had an unobstructed view of the intersection, the special jury instruction given allows the jury to disregard the fact that it was defendant who crossed the center line and paused for up to three seconds, all while looking in the opposite direction of oncoming traffic. Moreover, when considered with the evidence that plaintiff had cannabinoid, an unreliable indicator of when and how much THC had been consumed, present in his urine, and expert witness testimony that plaintiff's head injury could or could not have been lessened by wearing a helmet, the special jury instruction could easily have caused confusion for the jury. This is even more reason, in my view, to have granted plaintiff's motion for JNOV.

In sum, I would conclude that as a matter of law, defendant's negligence was a proximate cause of plaintiff's injuries, and therefore plaintiff was entitled to JNOV. I would have remanded this matter to the trial court to enter a judgment in favor of plaintiff.

/s/ Kathleen Jansen

---

[1] I also agree with plaintiff that the standard jury instruction, M Civ JI 10.09, would have been sufficient. M Civ JI 10.09 provides:

> [If you find that/Since] [plaintiff/defendant] has a less of memory concerning the fact of this case and it was caused by the occurrence, you may infer that the [plaintiff/defendant] was not negligent. However, you should weigh all the evidence in determining whether the [plaintiff/defendant] was or was not negligent.